# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 |
| PRODUCT(S): | : : : | |
| ELECTRONIC BRAKING SYSTEMS | : : : | 21-cv-12000<br>21-cv-4402 |
| HYDRAULIC BRAKING SYSTEMS | : : : | 21-cv-12002<br>21-cv-4502 |
| This Document Relates to:<br>AUTOMOBILE DEALERSHIP ACTIONS | : : : : | Hon. Sean F. Cox |

**Order Regarding Auto Dealers' Plans of Allocation**

This matter came before the Court on the Auto Dealers' Motion for Approval of Additional Allocation Plans for Round Five Settlements and Distribution of Residual Settlement Money.

1.  The Court has reviewed and considered the Plans of Allocation applicable to the Auto Dealer Settlements reached in the following cases ("Round Five settlements"):

| | |
|---|---|
| Electronic Braking Systems | 21-cv-12000<br>21-cv-4402 |
| Hydraulic Braking Systems | 21-cv-12002<br>21-cv-4502 |

1

2. The Court previously approved Plans of Allocation for the prior rounds of Auto Dealer settlements. The Plans of Allocation currently before the Court, submitted as Exhibits A and B to the Declaration of Shawn M. Raiter, are new plans proposed for approval.

3. The Plans of Allocation provide a fair and reasonable method for distributing the settlement funds, provide eligible members of the Settlement Classes with information about how the calculations will be made, and should be approved by the Court. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003). "'Approval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole; the distribution plan must be fair, reasonable and adequate.'" *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 WL 6209188, at *15-16 (E.D. Mich. Dec. 13, 2011) (quoting *Meijer, Inc. v. 3M*, Civil Action No. 04-5871, 2006 WL 2382718 (E.D. Pa. Aug. 14, 2006), at*17 (E.D. Pa. 2006)); *In re Ikon Office Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)). "'Courts generally consider plans of allocation that reimburse class members based on the type and extent of their injuries to be reasonable.'" *In re Packaged Ice*, 2011 WL 6209188, at *15(quoting *Meijer*, 2006 WL 2382718, at *17, *In re Aetna Inc.*, No. CIV. A. MDL 1219, 2001 WL 20928, at *12 (E.D. Pa. Jan. 4, 2001)); *Cardizem*, 218 F.R.D. at 531 (approving a plan as fair and reasonable that adopted a *pro rata* method for calculating each class member's share of the settlement fund).

4. The Court finds the above-referenced Plans of Allocation to be fair and reasonable and hereby approves their use for the distribution of the settlement funds in the Round Five settlements.

5. The Court has authorized Settlement Class Counsel for the Auto Dealers to retain KCC, LLC ("KCC") to process, administer, adjudicate, and pay claims submitted by members of the Settlement Classes who are eligible to receive money benefits under the Settlements for purchases of parts and new vehicles in the Included States.

6. The Court previously approved the establishment of escrow accounts under the Settlement Agreements as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.  Settlement Class Counsel are authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, settlement administration costs, and the payment of qualified claims made under the Round Five Settlements.

7. KCC shall assist Settlement Class Counsel with the calculation and disbursement of claims paid from the QSFs under the Round Five Settlements. Settlement Class Counsel and KCC are authorized, without further order of the Court, to disburse settlement funds to members of the Settlement Classes who are eligible to receive money benefits under these Settlements for purchases of parts and new vehicles in the Included States. Upon a joint request from Settlement Class Counsel and KCC, the financial institution overseeing the escrow account QSFs is authorized to make disbursements from those accounts to make payments to eligible members of the Settlement Classes.

8. The Court authorizes Settlement Class Counsel for the Auto Dealers and KCC to communicate with members of the Settlement Classes about making claims, the claim process, and deadlines. Such communications may include reminders to file claim forms and supporting documents.

9. The Court approves the request, described in the Declaration of Shawn M. Raiter submitted in support of this motion, to redistribute money that remains unclaimed from prior settlement Rounds. Settlement Class Counsel and KCC shall add the unclaimed money from the earlier settlement Rounds to a reserve distribution made to class members who cashed

their checks in earlier Rounds. Distribution of reserve funds for all rounds will continue to be based on the respective allocation and eligibility criteria for that given round.

      10.    The Court approves the request to donate the remaining unclaimed money to the National Automobile Dealer Association's NADA Foundation when less than $50,000.00 remains. Settlement Class Counsel for the Auto Dealers are authorized to direct the transfer of the remaining unclaimed money to NADA Foundation.

      **IT IS HEREBY ORDERED:**

Dated: April 22, 2024                    s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge

I hereby certify that on April 22, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                  s/Jennifer McCoy
                                                  Case Manager